UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA



VICTORIA A. LEE

Versus

SOUTHERN NEW HAMPSHIRE UNIVERSITY
Navient Solutions, LLC
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

CIVIL ACTION

18-6522

SECT. B MAG. 2

## COMPLAINT

The complaint of Victoria A. Lee (LEE), a person of full age of majority who is domiciled in the State of Louisiana with respect, avers as follows:

1.

Made defendant herein are Southern New Hampshire University (SNHU), a New Hampshire resident and Navient Solutions, LLC (NAVIENT) a Delaware Corporation

2.

In December, 2016 LEE applied for the MBA program with a specialization in Engineering Management at SNHU.  This is a dual degree earned from both Southern New Hampshire University and Worchester Polytechnic Institute.  At the same time LEE applied for FAFSA (Free Application for Federal Student Aid).

3.

In December, 2016 LEE was caring for her elderly mother and couldn't take gainful employment outside the home. By earning an online MBA, LEE would achieve an advantage in the workplace since LEE was off career for the year prior and anticipating the same for the duration of the MBA degree program.

Receipt #
044268

X Fee 400.00
__ Process 2Cc:iah gms
X Dktd_____
__ CtRmDep_____
__ Doc. No._____

4.

LEE submitted all forms to admissions and financial aid departments at Southern New Hampshire University in a timely fashion. LEE was admitted into the MBA program and federal student financial aid paid for the first and second course directly.

5.

LEE filed for Chapter 13 bankruptcy in December, 2012. This fact was made abundantly clear to the SNHU financial aid department. In January, 2017 SNHU had to receive clearance from NAVIENT, the holder of LEE's previous student loans, in order to process the current federal financial aid. SNHU was in contact with the Litigation Unit at NAVIENT thereby making SNHU fully aware of the fact that LEE had filed bankruptcy.

6.

NAVIENT submitted a letter of clearance to SNHU. This letter is referred to as a Title IV. LEE will propound discovery to NAVIENT for the production of any and all Title IV letters issued to SNHU.

7.

LEE's enrollment is conditioned upon her ability to pay. Federal financial aid paid for the first course in which LEE was enrolled. If SNHU had required payment at the time of enrollment, then LEE would NOT have enrolled, nor would LEE be incurring any debt.

8.

LEE completed the first and second courses, earning an "A" in both classes, therefore meeting academic requirements to stay enrolled.

9.

In June, 2017 LEE had to reapply for financial aid with SNHU. NAVIENT had to resubmit a Title IV aid clearance letter. The Title IV letter was submitted to SNHU Financial Aid Department. However this time SNHU advised during phone

conversations that NAVIENT didn't submit the correct letter with the correct information needed in order to clear federal financial aid.

10.

During the last week of June, 2017, LEE's advisor at SNHU, Zach Buote, enrolled LEE into a Business Law class; despite not having financial aid clearance for payment from the SNHU financial aid department. LEE reluctantly participated, since even though the course had not been paid for and LEE was approaching the deadline to drop without payment penalty.

11.

On July 5, 2017 LEE spoke to Christina Fenn at NAVIENT, and LEE explained that SNHU was in receipt of Title IV letter and that she could not give them anything other than the Title IV clearance letter even though SNHU Financial Aid Department was requesting that my previous student loans would read a status of "dischargeable and not in default."

NAVIENT sent written confirmation of our verbal exchange to LEE.

12.

After receipt of the Title IV letter from NAVIENT and multiple conversations between NAVIENT, LEE and SNHU Financial Aid, no payment was rendered for the Business Law course in which LEE had been enrolled by SNHU,

LEE continued to work in good faith with SNHU, thinking SNHU was mistaken since financial aid had cleared in January, 2017, but all to no avail.

13.

SNHU financial aid department continued to press LEE. SNHU wanted NAVIENT to declare in writing that LEE's student loans were dischargeable.

14.

LEE called Buote and explained "I would not have enrolled into a class that I cannot pay for". LEE further explained that she ought to be dropped from the class and not billed for it. Buote referred LEE to the payment and billing department of SNHU. He encouraged LEE to work out a payment structure since the financial aid had been rejected. This is an example of predatory lending practices employed by SNHU and aided in an indirect way by NAVIENT.

15.

During the later portion of the Business Law class LEE was conferring with the payment and billing department of SNHU. LEE was advised she still had to pay for the course and attempted to get LEE to accept a structured payment plan.

16.

Further, on the issue of rejection by SNHU for continued student loan clearance, Christina Fenn, with NAVIENT, explained to LEE that NAVIENT sends out Title IV's "all day long" for people who are in, or have been in, bankruptcy and still receive federal financial aid.

17.

Buote enrolled LEE into a class without assurance of payment despite LEE's well expressed concerns. In fact, Buote assured LEE that there were alternate forms of financing/payment and to stay with the class. Here SNHU was participating in a form of bait and switch or otherwise known as yo-yo financing, all of which are predatory lending practices.

18.

SNHU enrolled LEE into a program in January, 2017 based upon the exact same financial requirements and climate that SNHU effectively rejected LEE out of the same program. SNHU started LEE into a program that SNHU "pulled the rug out from under" LEE.

19.

SNHU has all its phone conversations recorded therefore it will be easy to reconcile what occurred between all parties involved. LEE intends to request these telephone call recordings in the discovery phase of this matter.

20.

SNHU financial aid practices are discriminatory and created a barrier for LEE to finish this program. SNHU ought not enroll LEE into a course that was not paid for in advance promising that "payment not be an issue" when enrolling and staying on course. Then later SNHU hired a credit agency to collect tuition from LEE for payment of the business law course SNHU unilaterally enrolled LEE into without her authorization. When LEE discovered on her own accord that federal financial aid failed, LEE stopped participating in the course and notified Buote of the same.

21.

LEE avers that diversity of citizenship exists between the parties herein. Further, LEE avers that both defendants, SNHU and NAVIENT, have violated numerous federal laws, among them are Truth in Lending, laws against predatory lending practices, unfair trade practices, and Consumer Protection Act

22.

LEE seeks the following:

1.) a full refund of the moneys spent to participate in the program
2.) damages associated with participating in the program in the form of loss time and opportunity
3.) damages for arbitrary and capricious behavior by SNHU and NAVIENT
4.) damages for SNHU failing to meet their fiduciary duty
5.) attorney, legal and professional fees incurred or to be incurred during suit
6.) penalties, interest expense and court costs incurred as the violated statues allow
7.) any award that the Court deems is reasonable

Respectfully Submitted,

*/s/ Victoria A. Lee*

Victoria A. Lee
3117 Independence Street, Ste E.
Metairie, Louisiana 70006
504-723-8727

**PLEASE SERVE:**

NAVIENT SOLUTIONS, LLC

251 Little Falls Drive

Wilmington, DE 19808

302-636-5401


SOUTHERN NEW HAMPSHIRE UNIVERSITY

2500 North River Road

Manchester, NH 03106